**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 27 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50086 |
| Plaintiff-Appellee, | D.C. No. CR 18-477-PA |
| v. | |
| JORGE DE LOS SANTOS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted August 10, 2020
Pasadena, California

Before: CALLAHAN and BUMATAY, Circuit Judges, and WATSON,** District Judge.

Defendant, Jorge De Los Santos, pleaded guilty to possession of child pornography in 2018. As part of Defendant's plea agreement he agreed to not oppose certain conditions of supervised release, including one condition at issue in

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

this case—i.e. "Defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18." Shortly before sentencing, the district court provided the parties with notice of the conditions of supervised release it intended to impose. Instead of prohibiting Defendant from living within "direct view" of places frequented by minors, the district court's proposed conditions prohibited Defendant from living within 2,000 feet of those locations.

At sentencing, Defendant objected to this condition, but he did not offer any support for his objection beyond referring to the plea agreement's "direct view" restriction. The Government did not take a position on the 2,000-foot restriction. The district court provided numerous reasons for the 2,000-foot restriction, including that Defendant possessed many more images and videos than necessary to receive the highest enhancement under the Guidelines, with some of these images depicting infants and/or sadistic or masochistic conduct; admitted having an interest in pornography involving children between the ages of 10 and 15; and had a long history of viewing child pornography.[1]

The district court imposed a below-Guidelines custodial sentence of 46

---

[1] While the district court did not cite this as a reason for the enhanced condition, Defendant's presentence report noted that he was attracted to children he saw in public places.

months' imprisonment along with a lifetime term of supervised release that included the 2,000-foot residency restriction.

Defendant appeals only the 2,000-foot residency restriction. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

1. We review the district court's imposition of the 2,000-foot residency restriction for an abuse of discretion. *See United States v. Wolf Child*, 699 F.3d 1082, 1089 (9th Cir. 2012). "Because 'a district court has at its disposal all of the evidence, its own impressions of a defendant, and wide latitude, . . . we give considerable deference to [its] determination of the appropriate supervised release conditions.'" *Id.* (quoting *United States v. Weber*, 451 F.3d 552, 557 (9th Cir. 2006)).

2. The district court considered the factors listed at 18 U.S.C. § 3553(a), as it was required to do. *See* 18 U.S.C. § 3583(d). It explained how the 2,000-foot residency restriction was "reasonably related to the goals of deterrence, protection of the public, and/or defendant rehabilitation," "involve[d] no greater deprivation of liberty than [was] reasonably necessary to achieve those goals," and was "consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)." *See United States v. Napulou*, 593 F.3d 1041, 1044 (9th Cir. 2010).

3. Defendant has not shown that it was substantively unreasonable for the

3

district court to impose a 2,000-foot residency restriction. The district court explained that it was concerned about potential living situations where Defendant would not be in direct view of a place frequented by minors but, nevertheless, would have children frequently walking past Defendant's home—for example, if he lived around the corner from a school. Given Defendant's admission that he was sexually attracted to minors, including minors he saw in public, the district court's concern was not "illogical, implausible, or without support in inferences that may be drawn from the record." *See United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). Even if the regular presence of children is unlikely to lead Defendant to physically harm a child (something we need not decide), it is logical to infer that it could cause Defendant to relapse into viewing child pornography.

4. On appeal, Defendant argues that the 2,000-foot restriction may severely restrict his housing options and make rehabilitation more difficult. This argument finds some support in *In re Taylor*, 60 Cal. 4th 1019 (2015), *United States v. Rudd*, 662 F.3d 1257 (9th Cir. 2011), and *United States v. Collins*, 684 F.3d 873 (9th Cir. 2012). However, Defendant did not present evidence supporting this argument at sentencing or even mention this potential concern when he objected to the modified condition. Therefore, the district court did not abuse its discretion by not taking this into account when fashioning its sentence.

**AFFIRMED.**